IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01639-OES

MAN TAT LE,

    Plaintiff,

v.

UNITED STATES IMMIGRATION & CUSTOMS,
UNITED STATES ATTORNEY GENERAL, and
D.O.J. BUREAU OF PRISONS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT - 4 2005

GREGORY C. LANGHAM
                  CLERK

## ORDER OF DISMISSAL

Plaintiff is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary in Florence, Colorado. Plaintiff initiated this action by filing *pro se* a "Petition for Writ of Mandamus" pursuant to 28 U.S.C. § 1361. On September 6, 2005, Plaintiff filed on the proper form a Prisoner Complaint seeking mandamus relief. Specifically, Plaintiff seeks an order compelling immigration officials to hold an immediate deportation hearing.

The Court must construe the complaint liberally because Plaintiff is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the complaint will be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure because Plaintiff lacks standing to pursue the claims

he is asserting. Standing involves a constitutional limitation on a federal court's jurisdiction, **see Bangerter v. Orem City Corp.**, 46 F.3d 1491, 1497 (10th Cir. 1995), and "federal courts are under an independent obligation to examine their own jurisdiction," **FW/PBS, Inc. v. City of Dallas**, 493 U.S. 215, 231 (1990).

Plaintiff alleges that he was convicted in June 2000 and that he is serving a sentence of eighty-four months in prison. He further alleges that immigration officials have lodged a detainer against him in order to determine whether he should be removed from the United States upon completion of his prison sentence. Plaintiff asserts that, despite his repeated requests, immigration officials have refused to initiate the administrative proceedings that are necessary to determine whether he will be removed from the United States. Plaintiff argues that, pursuant to 8 U.S.C. § 1252(i) and **Soler v. Scott**, 942 F.2d 597 (9th Cir. 1991), **vacated sub nom. Sivley v. Soler**, 506 U.S. 969 (1992), removal proceedings must be initiated as expeditiously as possible after his conviction.

In **Soler**, a federal prisoner subject to an immigration detainer challenged the policy of immigration officials refusing to begin deportation proceedings against prisoners until after they are released from custody. **See id.** at 600. The prisoner claimed that immigration officials were required by § 1252(i) to commence deportation proceedings promptly after he was convicted. **See id.** at 601. At the time **Soler** was decided, § 1252(i) provided that "[i]n the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceedings as expeditiously as possible after the date of conviction." The Ninth Circuit concluded that the prisoner had standing to seek a writ of mandamus

2

pursuant to § 1252(i) to compel immigration officials to commence deportation proceedings. *See id.* at 605.

Although Plaintiff's reliance upon *Soler* is misplaced because that decision was vacated by the United States Supreme Court, two subsequent Ninth Circuit decisions also held that incarcerated aliens have standing pursuant to § 1252(i) to seek a writ of mandamus to compel immigration officials to hold deportation hearings and that § 1252(i) creates a duty by immigration officials to hold deportation hearings as expeditiously as possible after conviction. *See Garcia v. Taylor*, 40 F.3d 299, 301 (9th Cir. 1994); *Siveyra v. Moschorak*, 989 F.2d 1012, 1014 n.1 (9th Cir. 1993).

The statutory language upon which Plaintiff's claim and the relevant Ninth Circuit decisions are based no longer is codified at 8 U.S.C. § 1252(i). However, the following nearly identical language currently is codified at 8 U.S.C. § 1229(d)(1): "[i]n the case of an alien who is convicted of an offense which makes the alien deportable, the Attorney General shall begin any removal proceeding as expeditiously as possible after the date of conviction."

In a case that arose pursuant to 8 U.S.C. § 1252(i), the United States Court of Appeals for the Tenth Circuit disagreed with the Ninth Circuit and held that a prisoner lacks standing to seek a writ of mandamus to compel immigration officials to commence deportation proceedings because his injury does not fall within the zone of interests protected by the statute. *See Hernandez-Avalos v. INS*, 50 F.3d 842, 847-48 (10th Cir. 1995). The holding in *Hernandez-Avalos* is applicable to the almost identical statutory language now found in § 1229(d)(1). Furthermore, a new provision currently codified at 8 U.S.C. § 1229(d)(2) provides that "[n]othing in this subsection shall be construed to

3

create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." Following the addition of this new statutory language, the Ninth Circuit also has held that incarcerated aliens lack standing to seek mandamus relief to compel immigration officials to hold immediate deportation hearings. *See Campos v. INS*, 62 F.3d 311, 313-14 (9th Cir. 1995). Therefore, the Court finds that Plaintiff lacks standing to compel immigration officials to initiate immediate deportation proceedings. Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction. It is

FURTHER ORDERED that judgment is entered in favor of Defendants and against Plaintiff. It is

FURTHER ORDERED that Plaintiff remains obligated to pay the full amount of the required filing fee assessed and owed in this action, if such fee is not yet paid in full. If Plaintiff fails to stay current with his payment obligations in this action, the Court may apply all or part of the filing fee payments tendered in any action Plaintiff initiates subsequent to initiating this action to satisfy the filing fee debt owed here or in any other action Plaintiff already has initiated.

DATED at Denver, Colorado, this 3 day of Oct, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01639-OES

Man Tat Le
Reg. No. 87740-079
USP – Florence
P.O. Box 7000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/4/05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk